**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| ROS R. WILLIS, ADMINISTRATOR OF THE ESTATE OF JOHN BARRY ROBINSON, DECEASED<br><br>     Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA<br><br>     Defendant,<br><br>and<br><br>MARINE HYDRAULICS INTERNATIONAL, LLC<br><br>     Defendant and Third-Party Plaintiff,<br><br>v.<br><br>PAR MARINE SERVICES, LLC<br><br>and<br><br>JERED, LLC<br><br>     Third-Party Defendants. | Case No. 2:26-cv-00030 |

**MHI'S BRIEF IN OPPOSITION TO PAR MARINE SERVICES, LLC'S
AND JERED, LLC'S MOTION TO DISMISS THIRD PARTY COMPLAINT**

NOW COMES Defendant and Third-Party Plaintiff Marine Hydraulics International, LLC d/b/a MHI Ship Repair and Services (hereinafter, "MHI"), by counsel, pursuant to Federal Rules of Civil Procedure 7(b) and 12(b)(6) and Local Civil Rule 7(F)(1), and as and for its Brief in Opposition to Third-Party Defendants PaR Marine Services, LLC's and Jered, LLC's (hereinafter, collectively, "PaR") Motion to Dismiss Third Party Complaint (Dkt. No. 22) and its

I-3059369.1

Memorandum in Support (Dkt. No. 23) (hereinafter, collectively, the "Motion to Dismiss"), states as follows:

## INTRODUCTION

MHI's Third-Party Complaint (Dkt. No. 10) alleges that PaR breached its contract with MHI by failing to defend, indemnify, and hold MHI harmless in accordance with Paragraph 12(b) of the Purchase Order. PaR's Motion to Dismiss raises three arguments, none of which survive legal scrutiny. First, PaR correctly notes that a condition precedent to invoking Paragraph 12(b) is a third party asserting a claim against MHI. However, PaR is mistaken when it contends that Mr. Robinson's Estate is not a third party. Second, PaR says that because "rigging" is outside the scope of the work PaR was to perform under the Purchase Order, PaR somehow is relieved of all its obligations to MHI under Paragraph 12(b) of that document. It is wrong. The Third-Party Complaint's factual allegations extend well beyond the elevator car's rigging. Hence, this Court can and should draw the reasonable inference that PaR is liable for the misconduct alleged—misconduct that is not in any way confined to how the elevator car was rigged. Third, PaR claims that MHI's allegations of gross negligence fail to meet the requisite standard of specificity required under the Rules. MHI disagrees. However, in the event this Court was to concur with PaR on this point concerning the Third-Party Complaint, as written, MHI asks for leave of Court to amend its pleading to remedy any defect in the factual allegations needed to support that claim.

## LAW

A complaint need not plead "detailed factual allegations" to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."

I-3059369.1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "This plausibility standard *does not equate to a probability requirement*, but it entails more than a mere possibility that a defendant has acted unlawfully." *Mullinex v. John Crane*, 606 F. Supp. 3d 289, 293 (E.D. Va. 2022) (citing *Iqbal*, 556 U.S. 662) (emphasis added).

When evaluating a Fed. R. Civ. P. 12(b)(6) motion, "courts may not look beyond the four corners of the complaint" but "may consider documents…attached to the motion to dismiss, as long as they are integral to the complaint and authentic." *Bd. of Trs. v. Albany Metal Fabrication Holdings, Inc.*, Civil Action No. 1:24-cv-1221 (RDA/WEF), 2026 U.S. Dist. LEXIS 66400, at *7 (E.D. Va. Mar. 27, 2026) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). "Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true." *Mullinex*, 606 F. Supp. 3d at 292-93 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## ARGUMENT

**I.      Ros R. Willis, Administrator of the Estate of John Barry Robinson, qualifies as a "Third Party."**

Paragraph 12(b) of the Purchase Order requires PaR to "defend, indemnify and hold harmless Buyer…form and against any and all claims…arising out of or related to any claims asserted by *third parties*…" *See* Dkt. No. 23 at 8 (emphasis added). PaR is correct in its assertion that Mr. Robinson himself would not qualify as a "third party" for purposes of PaR's contractual defense, indemnity, and hold harmless obligations to MHI. But Mr. Robinson is not the plaintiff in this case. Mr. Robinson himself has not asserted a claim against MHI. The claim

3

upon which MHI's Third-Party Complaint is premised is being made by the Administrator of Mr. Robinson's Estate, on the Estate's behalf. The Estate is an entity legally distinct from Mr. Robinson himself. Because the Estate is neither a PaR employee nor an agent of PaR, it plainly qualifies as a "third-party" for purposes of PaR's Rule12(b) obligations under the Purchase Order.

PaR's instant Motion to Dismiss misses the mark by focusing on Mr. Robinson's own employment with PaR and his subsequent agency status—something MHI freely admits ("Throughout the course of their work onboard USNS BOBO, Tannis and Robinson served as employees and agents of PaR." Dkt. No. 10 at ¶ 18). But Mr. Robinson's own employment and agency status is inconsequential. To borrow from PaR's argument, "the only reasonable interpretation of 'third parties' in the context of this Purchase Order is that it means anyone other than the Parties and their employees." Dkt. No. 23 at 12. The Estate was neither a party to the Purchase Order, nor an employee of such parties. Although *Parfait v. Swiftships, LLC* lacks a factual predicate analogous to the case at bar (i.e., the plaintiff was not a third-party estate), its holding is instructive. There, the District Court for the Eastern District of Louisiana "determined the meaning of 'third party' was ambiguous because it was subject to two reasonable interpretations: (i) anyone other than the defined Parties to the Purchase Order, and (ii) anyone other than the defined Parties and their agents." Dkt. No. 23 at 11. The facts of this case are even simpler than those in *Parfait*, and the Estate qualifies as a third party under both *Parfait* interpretations. As such, this Court need not engage in a *Twombly* and *Iqbal* analysis of the Third-Party Complaint to deny PaR's Motion to Dismiss on the ground that no third-party claim has been asserted against MHI.

4

I-3059369.1

II.     **The Third-Party Complaint adequately asserts plausible breach of contract claims under Paragraphs 12(b)(ii), (iii), and (iv) of the Purchase Order.**

Paragraph 12(b) of the Terms and Conditions of the Purchase Order details the following three circumstances that trigger PaR's contractual defense, indemnity, and hold harmless obligations to MHI: "(ii) any failure of Seller to perform its obligations under the Order; (iii) any violation by Seller, its subcontractors or agents, or their respective employees of any law, regulation, ordinance, rule or order, including but not limited to, any environmental statute or regulation; (iv) breach of any representation, warranty or covenant of Seller contained in the Order[.]" Dkt. No. 10 at ¶ 14. PaR's request to dismiss the 12(b)(ii) and (iv) claims appears to be predicated entirely on an argument that the personnel elevator car's rigging was excluded from the Purchase Order's Statement of Work. Accordingly, because it "does not arise out of PAR's scope of work…the breach of contract claim premised upon Paragraph 12(b)(ii) and (iv) should be dismissed." Dkt. No. 23 at 13. PaR's Motion to Dismiss only addresses MHI's 12(b)(iii) claim (i.e., violation of any law, regulation, ordinance, rule or order) in a passing footnote within the same section as the 12(b)(i) claim (i.e., negligence). Hence, MHI's 12(b)(iii) claim is better addressed in concert with the claims arising under 12(b)(ii) and (iv).

PaR contends that "the Third-Party Complaint allege[s] inadequate rigging was the proximate cause of Robinson's death[.]" Dkt. No. 23 at 13. It does not. The Third-Party Complaint alleges that Mr. Robinson's death was proximately caused by the acts and/or omissions cited in its Paragraphs 20 through 24, and most specifically, those acts and/or omissions listed in Paragraph 23. But more importantly, the elevator car's rigging should have no bearing on this Court's interpretation of MHI's 12(b)(ii)—(iv) claims.

PaR failed to perform its obligations under the Purchase Order as it failed "to adhere to safety standards and expectations", specifically, those "applicable laws, regulations, or rules

5

pertaining to occupational and industrial safety." Dkt. No. 10-1 at 1; Dkt. No. 10 at ¶ 43. Similarly, the Purchase Order imposed a warranty of workmanlike performance, which was breached by PaR in this instance. In Paragraph 23 of the Third-Party Complaint, MHI alleged a non-exhaustive list of five actions/omissions, each of which constitutes a breach of contract under 12(b)(ii)—(iv). PaR's Motion to Dismiss attempts to distract the Court by focusing on the elevator car's "rigging", while ignoring the most damaging allegation that Mr. Robinson "improperly rode in the elevator car when it was suspended by the temporary rigging attached to it." Dkt. No. 10 at ¶ 23. Mr. Robinson—who was assigned to the USNS BOBO as PaR's elevator deactivation expert and Kenyuth Astor Tannis, Jr.'s (hereinafter, "Mr. Tannis") supervisor—voluntarily boarded an elevator car that he knew to be suspended by temporary rigging in a shaft directly above Mr. Tannis. Contrary to PaR's Motion to Dismiss, the "rigging" (and whether it was included in the Purchase Order's Scope of Work) was not the proximate cause of Mr. Robinson's death. Rather, Mr. Robinson's boarding the elevator—which violated PaR's obligations under the Purchase Order, applicable safety regulations, and PaR's warranty of workmanlike performance—is what proximately caused his (and Mr. Tannis') death. MHI's Third-Party Complaint's 12(b)(ii), (iii), and (iv) claims have facial plausibility, as the facts they plead allow the Court to draw the reasonable inference that PaR is liable for the misconduct alleged. As such, PaR's "rigging scope of work" argument fails, and this Court should deny its Motion to Dismiss as to MHI's 12(b)(ii)—(iv) claims.

### III. The Third-Party Complaint adequately asserts a plausible 12(b)(i) breach of contract claim.

Under Paragraph 12(b)(i) of the Purchase Order "(i) any negligent acts or omissions of Seller, its subcontractors or agents, or their respective employees, in connection with the Order" triggers PaR's contractual defense, indemnity, and hold harmless obligations to MHI. Dkt. No.

6

10 at ¶ 14. Although PaR separately addresses MHI's 12(b)(i) claim in PaR's Motion to Dismiss, it simply recycles its red-herring rigging argument addressed above: "PAR did not own the vessel, did not control the decommissioning, and *was not responsible for the rigging*. There are no facts alleged to demonstrate PAR, or its employees, assumed any duty to *inspect or direct the rigging* or that they had any duty *to assure the rigging* was safe before proceeding with their work." Dkt. No. 23 at 15 (emphasis added). PaR then oddly says that "[i]t is not clear from the allegations what MHI contends Robinson did that caused or contributed to his own death." Dkt. No. 23 at 15. Again, the Court need look no further than Paragraph 23 of the Third-Party Complaint. There, the claim plainly states that Mr. Robinson "improperly rode in the elevator car when it was suspended by the temporary rigging attached to it." Dkt. No. 10 at ¶ 23. Not only did PaR have contractual duties to MHI under the Purchase Order, but Mr. Robinson, as an employee and agent of PaR, owned MHI "a common law duty of reasonable care[.]" Dkt. No. 10 at ¶ 19. His breach proximately caused his death, as well as that of Mr. Tannis.

PaR correctly notes that "a corporation can only act through its officers and agents[.]" Dkt. No. 23 at 9 (citing *Pulliam v. Coastal Emergency Servs. of Richmond, Inc.* 257 Va. 1, 24 (1999)). Because "[t]he Robinson Estate Claim against MHI arises from the gross negligent or negligent acts or omissions of PaR and/or its agents or employees occurring in connection with the Purchase Order" (Dkt. No. 10 at ¶ 41), it is PaR that must answer for Mr. Robinson's breaches of duty to MHI in this instance. MHI's Third-Party Complaint adequately pleads each of the essential elements of a negligence cause of action needed to support a plausible 12(b)(i) breach of contract claim. Because of that, this Court should deny PaR's instant Motion to Dismiss.

I-3059369.1

**IV.     If PaR's Motion to Dismiss is granted as to the gross negligence claim it includes, MHI seeks leave to amend its Third-Party Complaint.**

Prior to Mr. Robinson voluntarily boarding the suspended elevator, he asked if one of MHI's employees wanted to join him.  When the MHI employee declined the offer, Mr. Robinson responded with words to the effect of "Don't worry.  We do this all the time."  Those were his last words.  And they are telling.  They more than adequately provide MHI with a good-faith basis for alleging gross negligence, as well as alleging that PaR's training and supervision of Mr. Robinson and Mr. Tannis "was inadequate or improper, given the manifold errors and omissions of [Mr.] Tannis and [Mr.] Robinson…" Dkt. No. 10 at ¶ 24.

MHI is more than aware that this Court is limited to the four corners of the Third-Party Complaint and any of its exhibits when evaluating PaR's pending Motion to Dismiss.  Likewise, MHI knows that what turned out to be Mr. Robinson's last words fall outside the four corners of those documents.  Hence, should this Court be inclined to grant PaR's request to dismiss MHI's gross negligence claim (and/or MHI's claim concerning inadequate or improper training and supervision), MHI requests leave of Court in accordance with Fed. R. Civ. P. 15(a)(2) promptly to amend its Third-Party Complaint to include the more specific factual allegation concerning what Mr. Robinson seemed to be revealing about PaR's routine practice on riding a temporarily suspended load directly above a co-worker some eighty feet below.  MHI seeking to amend its Third-Party Complaint would not be a dilatory tactic, and this Court granting MHI leave to do so will not unduly delay these proceedings.  Neither will PaR be prejudiced by such an amendment at this time, in as much as discovery has yet to commence.

**CONCLUSION**

WHEREFORE, Defendant and Third-Party Plaintiff Marine Hydraulics International, LLC d/b/a MHI Ship Repair and Services respectfully requests that this Court enter an Order

8

denying Third-Party Defendants PaR Marine Services, LLC's and Jered, LLC's Motion to Dismiss Third Party Complaint (Dkt. No. 22) and its Memorandum in Support (Dkt. No. 23), and award to MHI such other and further relief as this Court may deem just and proper.

Dated:  April 17, 2026                                    Respectfully submitted,


                                          By:   */s/ Christopher A. Abel*
                                                Christopher A. Abel | VSB No. 31821
                                                Michael D. Collett | VSB No. 98508
                                                WILLCOX & SAVAGE, P.C.
                                                440 Monticello Avenue, Suite 2200
                                                Norfolk, Virginia 23510
                                                Telephone:  757.628.5547
                                                Facsimile:   757.628.5566
                                                cabel@wilsav.com
                                                mcollett@wilsav.com

                                                *Counsel for Marine Hydraulics*
                                                *International, LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Christopher A. Abel*
Christopher A. Abel

I-3059369.1